# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2519-18T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

C.K.,

     Defendant-Appellant,

and

J.L.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF N.K.,

     a Minor.

_____

Submitted November 20, 2019 – Decided December 6, 2019

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0032-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Albert Manuel Afonso, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Michelle J. Mc Brian, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (David Ben Valentin, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant C.K. (Cybil)[1] appeals[2] from a January 29, 2019 Family Part order terminating her parental rights to her now five-year-old daughter N.K. (Nicole), who lived with her maternal grandparents for almost the first two years of her life before eventually being placed with the resource family she currently lives with. We affirm substantially for the reasons stated by Judge Magali M. Francois in her thorough oral opinion issued with the order.

---

[1] We use initials and fictitious names to preserve the privacy of the parties. R. 1:38-3(d)(12).

[2] The father, J.L., was incarcerated and does not appeal.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. Cybil placed Nicole with Cybil's parents upon birth. When Nicole was almost two years old, she was found wandering in the parking lot adjacent to her grandmother's apartment building. The grandmother had serious mental health issues and was unable to safeguard the young child. At that time, Cybil had long-standing substance abuse problems and was wanted for a violation of probation, for which she was subsequently reincarcerated. Cybil was again incarcerated at the time of the three-day guardianship trial due to an incident resulting in her discharge from a drug program.

The Division of Child Protection and Permanency (Division) presented evidence that Cybil did not comply with drug rehabilitation or psychiatric therapy services. The Division and Law Guardian's experts opined that Nicole would benefit from the termination of Cybil's parental rights. Nicole was not securely bonded to her mother, had not bonded with her grandparents, but had a secure bond with her resource parents, who wished to adopt her.

In her comprehensive opinion, Judge Francois found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendants' parental rights was in Nicole's best interests. On this appeal, our review of the trial judge's decision is limited. We defer to her

3

expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-12 (1998), and we are bound by her factual findings so long as "they are supported by 'adequate, substantial and credible evidence.'" N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Cybil contends that the trial court erred in finding that the Division had proved the third and fourth factors of N.J.S.A. 30:4C-15.1(a), because it did not recommend placing Nicole with her mother in a "Mommy and Me" program after Cybil entered the Straight and Narrow long-term inpatient drug program through Drug Court special probation, N.J.S.A. 2C:35-14. After the Straight and Narrow program, Cybil participated in several other drug programs without success. Given Cybil's serious psychiatric and substance-abuse problems, her failure to ever serve as a caretaker to Nicole, and the Mommy and Me program's inability to provide strict supervision, we do not view the decision not to allow participation in the program as error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4